UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GREGORY ALLEN PEET, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00041-SNLJ |
| | ) | |
| SCOTT COUNTY MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Gregory Allen Peet Sr.'s application to proceed without prepaying costs and fees. ECF No. 2. Having reviewed the application, the Court finds that Plaintiff cannot pay the filing fee and will waive the fee. Having reviewed the complaint, the Court finds it fails to state a claim upon which relief may be granted and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2). Finally, the Court will deny Plaintiff's remaining pending motions.

### Standard on Initial Review

Federal law requires this Court to review a complaint filed in forma pauperis, and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

This Court must liberally construe a layperson's complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That means that if the essence of the layperson's allegation is discernible, this Court should construe the complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even laypersons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, this Court is not required to interpret procedural rules in ordinary civil litigation so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff has filed ten other cases before this Court. At least one of these cases raised substantially the same claims as the ones presented here. *See Peet v. State of Missouri et al.*, Case No. 1:24-cv-164-SNLJ (August 30, 2024). That case was dismissed for failure to state claim on which relief can be granted. *Id*. at ECF No. 7.

2

On February 12, 2026, Plaintiff filed the instant complaint alleging constitutional violations under 42 U.S.C. § 1983. ECF No. 1. The complaint is 273 pages long and identifies over 30 defendants. *Id*. According to the complaint, Plaintiff was charged with statutory rape on or about August 2, 1995 in Scott County, Missouri. *Id*. at 48. He states this was a class D felony with a maximum sentence of four years, but it was misclassified in the charging documents as a class C felony. *Id*. He pleaded guilty in 1997 and was sentenced to 5 years in prison. *Id*. at 49. He unsuccessfully sought relief from his conviction and sentence in state court. *Id*. at 42. He was also given a probation term of seven years. *Id*. at 51. Plaintiff complains that this was revoked and he had to serve an additional seven years for what he claims to be a void judgement. *Id*. at 51-52.

Because of Plaintiff's conviction and status as a registered sex offender, Plaintiff complains of further consequences he faced in Illinois, Tennessee, Oklahoma, and Kentucky. *Id*. at 55. He states the original misclassification of his conviction has led to enforcement actions against him in these other states, and enhancement of other criminal sentences. *Id*.

Plaintiff further alleges that he should have had to register as a sex offender for 10 years under a class D felony. However, he has instead been subjected to lifetime registration. *Id*. at 62. He states this has led to denial of housing and employment, and he has been targeted by police based on his registration status. *Id*. Plaintiff alleges this was a retroactive designation from 2017 but also contends that he has been suffering consequences from the lifetime registration since 1997. *Id*.

Plaintiff lists several injuries that resulted from the misclassification including homelessness, economic harm, reputational harm, police scrutiny, enforcement actions, and

3

emotional and psychological harm. *Id*. at 64-65. For damages, he asks this Court to declare his state conviction and sentence void, and $31 million in damages. *Id*. at 154-155.

### Discussion

Plaintiff brings his claims under 42 U.S.C. § 1983. The Court has already considered these claims in the prior case and determined that Plaintiff failed to state a claim. Nothing has changed from that dismissal less than two years ago.

First, success on Plaintiff's claims would clearly implicate the validity of his conviction and sentence. Plaintiff has not shown that his conviction or sentence have been reversed, expunged, or called into question in a habeas corpus action. His § 1983 claims would therefore be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). Second, though Plaintiff tries to state his claim falls "outside the statute of limitations and the entire jurisdiction system," he provides no legal support for this contention. Instead, Plaintiff's case rests on his claim that his conviction in 1997 was void. Plaintiff even contends that he knew of this alleged error for over ten years. A complaint filed in 2026 would be well beyond the five-year statute of limitations that governs his case. *See Sulik v. Taney County, Mo*., 393 F.3d 765, 766-67 (8th Cir. 2005) (explaining the applicable statute of limitations for § 1983 claims brought in Missouri) and *Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (district court may properly dismiss a complaint when it is apparent that statute of limitations has run).

Even if Plaintiff had been within the statute of limitations and were not asking the Court to invalidate his conviction and sentence, his claims would still fail. Plaintiff repeatedly alleges that the prosecutor, his defense attorney, the trial judge, and all the appellate judges who reviewed his case mistakenly categorized his felony as class C. In fact,

the statute under which Plaintiff was convicted, RSMo § 566.034, classified statutory rape in the second degree as a class C felony in 1997 when Plaintiff was convicted. The statute was amended on January 1, 2017 and now the same crime is a class D felony. But during the only time relevant to Plaintiff's conviction and sentencing, it was a class C felony.[1]

### Motion for Temporary Restraining Order

On May 8, 2026, Plaintiff filed a motion for temporary restraining order. ECF No. 8. He alleges Scott County employees have subjected him to racial harassment, unlawful detention, coercive interrogation, illegal search and seizure, threats, and retaliation. *Id.* at 2. He asks the Court to order Scott County and its employees to "cease all harassment, detention, interrogation, or search of Plaintiff or his family absent probable cause. 2. Scott County to cease enforcing false lifetime reporting requirements against Plaintiff. 3. Scott County to return all documents seized from Plaintiff's vehicle. 4. Scott County to refrain from retaliatory actions during the pendency of this case." *Id.* at 4.

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981). These factors are also considered to determine the propriety of a temporary restraining order. *See S.B. McLaughlin & Co., Ltd. v. Tudor*

---

[1] Plaintiff attached Exhibit A, which is a printout of the statute in question. Notably, under "Versions" there is a red box indicating that statute became effective on January 1, 2017. If Plaintiff were to select the version that was effective from January 1, 1995 through January 1, 2017, he would be able to see that class C was in effect during his conviction. This information was also provided to Plaintiff by the Scott County Clerk of Court. *See* ECF No. 5-1 at 9.

*Oaks Condo. Project,* 877 F.2d 707, 708 (8th Cir. 1989).

"In balancing the equities no single factor is determinative." *Dataphase,* 640 F.2d at 113.  The relevant inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* The burden of proof is on the party seeking injunctive relief. *Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 418 (8th Cir. 1987).

After weighing the *Dataphase* factors listed above, the Court finds that Plaintiff has failed to demonstrate that he is likely to succeed on the merits of his claims. Further, Plaintiff provides only conclusory statements that constitutional violations are occurring which are lacking any factual support. For these reasons, the motion for a temporary restraining order will be denied.

**Motion for Leave to File Supplemental Complaint**

On February 27, 2026, Plaintiff filed a motion for leave to file a supplemental complaint. ECF No. 5. In this request, Plaintiff states that he contacted two of the defendants in this case after he filed his complaint. *Id*. He allegedly told these two defendants that his felony was misclassified. *Id*. Plaintiff complains that the Clerk of Court of Scott County stated that Plaintiff's conviction was a class C felony, which Plaintiff did not believe. *Id*. He also complains that the Scott County Prosecutor did not respond to his requests. *Id*. He does not state how much time elapsed between his attempt to contact the prosecutor and the filing of his supplemental complaint. He attempts to add new claims based on these contacts. Plaintiff states "These events demonstrate **fresh 2026 constitutional violations**, defeating any statute-of-limitations or Heck-based defenses." *Id*. at 3.

6

This motion will be denied. Nothing in the supplemental complaint corrects any of the errors which the Court has identified in the complaint. Further, the allegations in the supplemental complaint are contradicted by the evidence provided by Plaintiff. For example, Plaintiff says that the prosecutor was silent as to Plaintiff's inquiry about his felony class. However, he provides an email in which he thanks the prosecutor for speaking with him. *Id*. at 10. Further that email was sent one day before Plaintiff filed the supplemental complaint alleging that the prosecutor's lack of response to the email amounted to deliberate indifference. *Id*. Plaintiff's blatant attempt to skirt the rules of *Heck* and the statute of limitations do not create a need for a supplemental complaint. Finally, the motion is not signed as required per Rule 11 of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed ... by a party personally if the party is unrepresented."

### Conclusion

The Court finds the complaint fails to state a claim upon which relief may be granted and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2). The Court will deny Plaintiff's motion for temporary restraining order. The Court will deny all other pending motions as moot. The Court finds there would be no non-frivolous basis to argue that the complaint stated a claim upon which relief may be granted, so the Court will certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file supplemental complaint (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for temporary restraining order (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motion for recusal and reassignment (ECF No. 4), motion to proceed exempt from pacer user fees (ECF No. 7), and motion to accept supplemental complaint (ECF No. 9) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 13th day of May, 2026.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE